### GUNTZER v. YONKERS R. CO.

(Supreme Court, Appellate Division, Second Department. May 29, 1900.)

STREET RAILROADS—INJURIES TO PASSENGER—TRIAL—NONSUIT.

> Plaintiff, a man weighing about 300 pounds, was injured in alighting from defendant's street car. He testified that he was sitting with one side of his hip on the seat, with his foot on the running board, about to step down, when he was thrown "out and forward," as a result of a sudden forward jerk of the car, which had come nearly to a standstill at the time the conductor rang the signal bell. *Held,* that a motion for a nonsuit on the ground that plaintiff's evidence was in contravention of a well-known physical law, that the sudden starting of a car will throw the body backward, and not forward, was properly denied, since the jury were not bound to find whether he was thrown off forward or backward.

Appeal from trial term, Westchester county.

Action by Anthony C. Guntzer against the Yonkers Railroad Company. From a judgment entered on a verdict for plaintiff, and an order denying a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

John F. Brennan, for appellant.
James M. Hunt, for respondent.

GOODRICH, P. J. The plaintiff took passage at Yonkers on an open car of the defendant, bound north, and marked "Hastings,"—the place to which he wished to go,—and paid his fare to the conductor. Before reaching Hastings the car was switched off, and, with a new conductor, started south, instead of going to Hastings. The conductor asked the plaintiff for his fare, and he refused to pay it, for the reasons already stated. There was some altercation between them, and the plaintiff rang the bell to stop, when the conductor rang to go forward, and this conflict of signals was repeated. The plaintiff alleged in the complaint that "the car did slacken its

speed and come nearly to a standstill, when the conductor violently jerked the signal bell and rang it four times"; that the motorman "put on so much power in starting the car that the plaintiff was thrown out of the car to the ground," breaking his arm, and otherwise injuring him.  At the trial the plaintiff testified that:

"The car came pretty near to a standstilll.  I believe it was to a standstill. I was getting ready to get off the car,—it was a down step,—to put one foot out.  With that, he gave four bells, and the sudden lurch threw me forward. * * * Q. What motion of the car threw you out?  A. The sudden motion, —sudden jerk.  Q. Sudden starting?  A. It must have thrown me to the street, forward.  By the Court: Sudden motion which way?  A. Going forward."

The plaintiff recovered a verdict of $500, and the defendant appeals.

The sole ground for reversal contained in the defendant's brief is that "the judgment is based on a contravention of a physical law, and should not stand."  The argument is that if, as the plaintiff was getting out of the car, it started forward with a sudden jerk, as the plaintiff testified, he would have been thrown backward, and not forward, and that his testimony cannot possibly be true.  The only case cited for the appellant is Fox v. Le Comte, 2 App. Div. 61, 37 N. Y. Supp. 316, where this court said (page 63, 2 App. Div., and page 318, 37 N. Y. Supp.):

"Of course, the court would allow no verdict to stand that was based on the negation of a well-known and accepted scientific fact of common knowledge, or on the existence of a physical impossibility."

But the present case, according to the evidence, does not necessarily rest upon the breach of a physical law.  The plaintiff weighed 300 pounds.  He says he was sitting with one side of his hip on the seat, and his foot on the running board, about to get out, when the jerk threw him out and forward.  The court submitted to the jury the question, which fairly arose on conflicting evidence, whether the plaintiff jumped while the car was in motion, or whether he was thrown off.  There was evidence that another person in the car was thrown forward and backward, doubtless owing to the conflicting signals, and that the car "went back and forth."

The defendant's counsel, at the close of the plaintiff's case, moved to dismiss the complaint "upon the ground of the inherent improbability of this story," and at the close of the defendant's evidence renewed the motion, on the ground that "the statement of the plaintiff must be based on the contradiction of a well-known physical law,— that the sudden stopping of a car will tend to throw the body backward, and not forward."  He also asked the court, in substance, to charge that there could be no verdict for the plaintiff by reason of any sudden forward jerk of the car.  The court charged:

"If he were sitting in the car, I suppose that would be so, because he would be jerked backward in his seat; but the question where he was, of course, I leave that to the jury. * * * The physical facts of the case the jury will take notice of."

In an accident of this character many circumstances may occur, and many movements of the body may take place, which do not appear in evidence.  The particular method of the fall may result from

such undisclosed movements, and it is impossible to say with certainty exactly how a person alighting from a car will fall, as a result of a sudden forward jerk of the car. The court had charged, with great liberality to the defendant, as follows:

"The law is that whoever gets off a car while it is going, and is thereby hurt, has no cause of action. The law is that, sooner than do that, a passenger should wait a block or two blocks,—wait until it stops,—and then get off. If you do not want to do that, and jump off or step off, you have got no redress in the law. That is the settled law of the state, and we take it as it is. So, in which way did it occur? Was he, by the violence of this car jerking forward, pitched out, or did he jump off or step off, whichever it is. Now, whichever way you decide that fact, you must decide the case. No fear or favor about it. If they jerked forward this car negligently and threw him out, he is entitled to recover. If, on the contrary, he stepped out or jumped out or got out while it was going, he has no cause of action here."

We are not required to express any opinion as to the correctness of this portion of the charge, as it was favorable to the defendant. Under the allegation of the method of injury contained in the complaint, the jury were not bound to find the exact manner in which the plaintiff was injured,—whether he was jerked and thrown off forward or backward. They had the right, on all the testimony, to say whether the plaintiff was guilty of contributory negligence, and the defendant guilty of negligence which caused the injuries, and they have found these questions in favor of the plaintiff. We see no reason to interfere with the judgment.

Judgment and order affirmed, with costs. All concur.